UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                         CIVIL ACTION
THE MATTER OF TEON MARIA,
LLC., ET AL.                                                   NO:     12-2272

                                                               SECTION: "G" (4)

### ORDER

Before the Court are Limitation Plaintiffs, Teon Maria, LLC, as owner, and Denet Towing Service, Inc. ("TMD") as manager, owner – *pro hac vice* and/or operator of the M/V TEON MARIA's **Motion to Quash (R. Doc. 56)** the 30(b)(6) Notice of Deposition of Denet Towing Service, Inc., and Teon Maria LLC. *Id.* It is opposed. (R. Doc. 64)  It was heard by oral argument on September 25, 2013.

### I.      Background

This matter involves an alleged allision on February 27, 2012, between the M/V TEON MARIA and a wellhead tow  allegedly owned or operated by Dune Energy, Inc., located in Garden Island Bay, Louisiana.  (R. Doc. 56-1).  In this case, TMD seek to limit their liability to the value of the M/V TEON MARIA in connection with this allision." *Id. See also* R. Doc. 64. TMD alleges that as justification for its claim of limitation of liability pursuant to 46 U.S.C. § 305105, *et seq.*, that "it selected and engaged the vessel's crew, manned the vessel,  and navigated the vessel, while providing for its maintenance and repairs, as well as necessary services." (R. Doc. 64, p. 1).

As to the instant motion, TMD contends that it filed a Motion for Summary Judgment against Dune Energy, Inc. and Dune Properties ("Dune") on the basis of a contractual agreement entered into between TMD and Dune that releases TMD of all claims regarding property damages. (R. Doc. 56-1, p. 1) Shortly thereafter, on August 21, 2013, Dune issued a 30(b)(6) Corporate Notice of Deposition to "Denet Towing Service, Inc. and Dune Properties, Inc., to take place on September 6, 2012, at the office of Dune's counsel." *Id.* at 2.

TMD moves this Court quash this 30(b)(6) Corporate Deposition Notice on the grounds that it was unilaterally noticed, seeks vague and overbroad topics for which TMD cannot reasonably provide an informed representative, and requests that a separate notice be issued for each party and narrowly tailored to that particular entity, as set forth in detail below. *Id.* at 3-6.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less

expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.*

**III.   Analysis**

    **A.   Reasonable Notice Objection**

TMD seeks to quash the 30(b)(6) Corporate Notice of Deposition propounded by Dune on August 21, 2013, for September 6, 2013, on the grounds that it was unilaterally noticed, seeks vague and overbroad topics for which TMD cannot reasonably provide an informed representative, and requests that a separate notice be issued for each party and narrowly tailored to that particular entity. (R. Doc. 56-1, p. 2-6)

TMD alleges that counsel for Dune unilaterally noticed the deposition after it was informed that Counsel for TMD was unavailable for this day. *Id.* at 2. TMD states that it had provided available dates to Dune weeks prior, and September 6, 2013, was in fact one of those dates. However, in the interim TMD argues that this date became unavailable, and Dune and TMD were unable to agree on any alternate dates, therefore, TMD argues that Dune proceeded with scheduling the deposition on

September 6. *Id.* Therefore, TMD argues that Dune unilaterally noticed this deposition. *Id.* Dune did not address this argument.

Here, the Notice of Deposition seeks to proceed with a corporate deposition fifteen days after service of the notice. Although Rule 45 does not specify what amount of time is "reasonable," courts have ruled that a week or less is not sufficient notice pursuant to the rules. *Gulf Prod. Co., Inc., et al. v. Hoover Oilfield Supply, Inc., et al.,* No. 08-5016, 09-0104, 09-2779, 2011 WL 891027 at*3 (E.D. La. Mar. 11, 2011); *see e.g., Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008)(finding that three days notice of deposition was clearly unreasonable). Dune noticed this deposition over two weeks before it was to take place. Although TMD argues that it was unilaterally noticed, TMD admits that it initially represented this as an available deposition date. (R. Doc. 56-1, p.2) Therefore the Court finds that 30(b)(6) Notice is reasonable in this regard, and shall not be quashed for failing to provide reasonable notice.

### B. Specific Objections to the 30(b)(6) Notice

TMD argues that Dune failed to provide it with a draft notice of the topics for which it sought to have examined. Furthermore TMD argues that "a number of the matters [Dune seeks to discover by the 30(b)(6) Corporate representative] were, namely, either overly broad as they were not described in reasonable particularity, irrelevant, and/or, frankly, confusing, [and that] Dune has listed as areas of inquiry general allegations that [TMD] have asserted in their pleadings and provides no detailed areas of factual inquiry." (R. Doc. 56-1, p. 2). TMD further argues that it is impractical for it to list all the topics / matters for which they object, but that they have specifically listed topics for which they object. The Court will address these topics as discussed during oral argument.

#### 1. Objections to Nos. 3, 4, 5, 6, 7, 18, 24, 26:

3. Denet's contention that it selected the Vessel's crew

      4.      Denet's contention that it engaged the Vessel's crew
      5.      Denet's contention that it manned the Vessel's crew
      6.      Denet's contention that it victualed the Vessel
      7.      Denet's contention that it navigated the Vessel.

Specifically, TMD objects that the "above areas of inquiry are so non-descript that counsel for Dune would essentially have carte blanche to ask a Denet representative anything under these broad terms," and that as noticed these matters are vague, non-descript, overbroad and do not provide specific or adequate enough description for TMD to choose a representative. *Id.* at 3.

In its opposition, Dune states that it is entitled to discover these matters to help establish that Plaintiff is entitled to its limitation of liability claim. (R. Doc. 64, p. 1) During oral argument, Dune also stated that it is entitled to discover how Limitation Plaintiff's secured the vessel's crew.

After considering the arguments of both parties, the Court found that Nos. 3 through 7, 18, 24, and 26, as listed above, are seemingly related to the selection, training and identification of the crew aboard the vessel on the date of the allision. *See* R. Doc. 56-2, p. 1-2. The Court finds these requests are not overbroad, and are extremely specific. Therefore the Court overruled the vagueness and overbreadth objections as to Nos. 3, 4, 5, 6, 7, 18, 24, 26.

    **2.**      **Objections to Nos. 8, 9, 10:**

      8.      Denet's contention that it arranged any maintenance and/or slash [sic] repairs to the vessel
      9.      Denet's contention that it provided necessary services to or for the Vessel
      10.     Any other services Denet provided to or for the Vessel

TMD objected to these topics on the basis of overbreadth, vagueness and relevancy. *See* R. Doc. 56-1, p. 3.

In opposition, Dune argues that it is entitled to discover the state of the vessel and whether or not said vessel had any repairs done prior to and after the allision.

After considering the arguments of both parties, the Court finds that the timing of Dune's

request in Nos. 8 through 10 is overbroad. However, because the Court shall require disclosure, it overruled the objection, but limited the requests for repair records to **six (6) months** prior to the February 27, 2012 accident, and to **six (6) months** after the accident.

### 3. Objections to Nos. 13, 14, 15

TMD objects to the following topics on the basis of vagueness, overbreadth, non-descript, and prevent TMD from providing a proper representative other than their own attorneys:

> 13. Denet's contention that it exercised due diligence to make the Vessel seaworthy and fit for the service in which she was engaged.
> 14. Denet's contention that the damages of Dune Energy, Inc. were caused by the fault of Dune Energy, Inc. and/or Dune Properties, Inc.
> 15. Denet's contention that it has valid defenses to the claims and damages of Dune Energy, Inc. and/or Dune Properties, Inc., and the facts on which said defenses are based.
> 16. The specific federal, state and/or other governmental rates, statutes, guidelines, or regulations applicable to the operation of M/V TEON MARIA in February, 2012.

TMD argues that the request Nos. 13-16 are left to the court to decide, as they are contentious on legal theories and defenses and are not matters appropriate for a corporate representative to testify. (R. Doc. 56-1, p. 4). Therefore they argue that they cannot produce any representative able to testify for these legal conclusions. *Id.* at 6.

In support of its opposition, Dune argues that these are facts and not legal contentions and that it is entitled to discover these facts and evidence, whether testimonial or documentary that will help establish its limitation of liability claim. (R. Doc. 64, p. 1-2). Dune also argues that it is not asking "for Denet's counsel's interpretation of the evidence, nor for its counsel's argument or legal strategy upon which Denet intends to base its arguments at trial." *Id.* at 2-3. Therefore, Dune argues that it is entitled to depose a corporate representative to discover this evidence, and is not required to propound contention interrogatories, as Dune interprets TMD's requests. (R. Doc. 64, p. 2-3).

After considering the arguments of both parties, the Court determined that these topics are not narrowly tailored or appropriate as written. Specifically, the Court finds that if Dune seeks to discover facts from the 30(b)(6) witness, it must re-issue a topical request that is not so broad so as to require the witness to testify on legal conclusions. Therefore the Court sustained the objections as to Nos. 13 through 16.

### 4. Objections to No. 17

TMD objects to No. 17 which seeks "[a]ll the specific federal, state and/or governmental rates, statutes, guidelines, or regulations which you contend are applicable to Garden Island Bay, State Lease 214." (R. Doc. 56-1, p. 5).

TMD argues that Dune is asking "Denet to produce a corporate representative to testify on regulations governing Dune's **own** well," and that only Dune itself would be able to answer this question. *Id.*

In opposition Dune argues that the specific federal, state or government regulations which "Denet contends are applicable to the wellhead its tow ran over are factual matters" for which Dune argues that it is entitled to obtain those facts from TMD. (R. Doc. 64, p. 4-5).

After considering the arguments of the parties, the Court finds that this request is vague, overbroad and not narrowly tailored for TMD to know which regulations they are referring to, and to the extent that Dune seeks any more specific information, it must modify its request. Therefore, the Court sustained this objection.

### 4. Objections to Nos. 19 & 20:

TMD objects to Nos. 19 and 20. They request:

> 19. Any negotiations for use of and operation of the M/V TEON MARIA in February, 2012.
> 20. Any agreement for the use of and operation of the M/V TEON MARIA

7

>in February, 2012 Such a request is clearly overbroad as Dune does not limit the Request to any negotiations with Dune.

TMD objects on the grounds that these requests "seeks **all** negotiations and agreements both companies (Denet and Teon Maria) entered into in an entire month, which is entirely unreasonable and unnecessary to the instant litigation." (R Doc. 56-1, p. 5) (emphasis supplied). TMD also objects on the basis of overbreadth, as it contends that Dune does not limit the request to only negotiations with Dune, therefore this request should be narrowly tailored to reflect this intention. *Id.*

In its opposition, Dune argues that the negotiations "for the use of the M/V TEON MARIA in February 2012, or any agreements for the use of the vessel in that same month, are not overly broad; those issues are focused on the use of the vessel involved in the allision for a mere 29 day period, during which the allision happened." (R. Doc. 64, p. 4-5).

During oral argument, the parties withdrew these objections, therefore the Court denies this request as moot.

### 5.     Objections to Nos. 32 & 33:

TMD objects to the following two catch all requests on the basis of them being "impermissibly broad and [providing] no reasonable notice to [TMD]":

32. Any matters arising from the production of any documents in Exhibit "B" hereto.
33. Any other discoverable matters of which the designated deponent(s) may have knowledge or information.

TMD argues Dune issued a "blanket 30(b)(6) notice for two distinct companies, Denet Towing Service, Inc. and Teon Maria, LLC.," for which TMD argues that it cannot "produce a representative to testify on behalf of Denet and vice versa."  (R. Doc. 56-1 p. 6-7). TMD requests that this Court order Dune to issue a separate 30(b)(6) notice for each party and that each of these notices be narrowly tailored to that particular entity. *Id.* Therefore, TMD requests that a tailored notice be required by this

Court to "avoid undue confusion" and moves this Court quash the single 30(b)(6) corporate deposition notice issued to "both Denet Towing Service, Inc. and Teon Maria, LLC."

In support of its opposition, Dune argues that Nos. 32 and 33 seeks production of any documents requested by the Notice "or other discoverable matters of which the deponent may have knowledge, are designed to avoid the frequent objection in corporate depositions that a question is outside the bounds of the specific list of subjects on which the notice has been issued." (R. Doc. 64, p. 5). Thus Dune argues that "if a deponent has personal knowledge which may respond to questions developed during the course of a deposition, he / she would be required to testify on that personal knowledge, avoiding an objection that the question asked may not be strictly in accordance with the deposition notice, [thereby] avoiding the possibility that the witness may have to reappear at a second deposition." *Id.*

After considering the arguments of both parties, the Court sustained the objections on the basis of overbreadth and vagueness.

**IV.     Conclusion:**

**IT IS ORDERED** that Limitation Plaintiffs, Teon Maria, LLC, as owner, and Denet Towing Service, Inc. ("TMD") as manager, owner – *pro hac vice* and/or operator of the M/V TEON MARIA's **Motion to Quash (R. Doc. 56)** is **GRANTED IN PART, DENIED IN PART** and **DENIED AS MOOT** as follows:

It is **GRANTED** as to Nos. 8, 9, 13, 14, 15, 16, 17, 32, and 33, but limited as set forth above.

It is **DENIED** as to the "reasonable notice" requirement, and as per the notice, as to Nos. 3, 4, 5, 6, 7, 18, 24, 26.

**IT IS FURTHER ORDERED** that TMD's **Motion to Quash (R. Doc. 56)** is **DENIED AS MOOT** as to Nos. 19 and 20.

**IT IS FURTHER ORDERED** that the parties conferred after the hearing on the above motion, and scheduled the following deadlines and depositions:

**Discovery Deadline** is extended through **October 25, 2013**.

**Depositions of Limitation Plaintiffs** – Denet Towing Service, Inc., Teon Maria, LLC., are scheduled for **October 9, 2013.**

**Depositions of Claimants** – Dune Energy, Inc., Dune Properties, Inc., and or Certain Underwriters at Lloyd's, London, are scheduled for **October 18, 2013.**

New Orleans, Louisiana, this 30th day of September 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**